UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** | § | |
| **Plaintiff,** | § § § | |
| v. | § | CIVIL NO. W-23-CV-00406-ADA |
| **INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, DANIEL WERFEL, ACTING ASSOC. DIR. KEVIN WOOLFOLK,** | § § § § § | |
| **Defendants.** | | |

## ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT

Before the Court is Plaintiff State of Texas's Motion for Leave to File Second Amended Complaint. ECF No. 19. Defendants Internal Revenue Service, Department of the Treasury, Daniel Werfel, and Acting Associate Director Kevin Woolfolk (collectively, "IRS") oppose, ECF No. 21, and Texas replies, ECF No. 24. Having considered the parties' briefs, the relevant facts, and the applicable law, the Court **GRANTS** the motion.

Texas sued the IRS over an alert memo, issued on February 15, 2023, limiting the amount of information child support agencies can share with contractors. *See* ECF No. 1. Texas amended its complaint once as of right on June 8, 2023. *See* ECF No. 5; Fed. R. Civ. P. 15(a)(1). The next day, June 9, the IRS released a new alert memo superseding the February 15 alert memo. *See* ECF No. 13-2. The IRS then moved to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 13. The motion contained six grounds, one of which was mootness based on the June 9 alert memo. *See id.* at 13–15. Texas now moves for leave to file a second amended complaint that accounts for the June 9 alert memo. *See* ECF No. 19. The IRS

opposes for futility, arguing that the second amended complaint does not address the jurisdictional and procedural flaws raised in the motion to dismiss. *See generally* ECF No. 21.

If a party cannot amend its pleading as of right, then amendment is permissible "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Exceptions to this rule include "undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The court also can examine whether undue prejudice to the movant will result from denying leave to amend." *Henderson v. U.S. Fid. & Guar. Co.*, 620 F.3d 530, 534 (5th Cir. 1980). A motion to amend is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Additionally, amendment is futile when the court lacks subject matter jurisdiction. *See Huff v. Neal*, 555 F. App'x 289, 299 (5th Cir. 2014) (per curiam).

It is clear that futility aside, the IRS will suffer no undue prejudice from Texas's second amended complaint.[1] This case is at an extremely early stage. The Court, through Magistrate Judge Jeffrey C. Manske, granted a stay of the obligation to file a scheduling order until further order of the Court. *See* ECF No. 15. Similarly, Texas has obtained a stay of its response to the IRS's motion to dismiss until further order of the Court. *See* ECF No. 20. Thus, this case has made no progress until the issuance of this order. It is true that if Texas's motion is granted, the IRS will have to continue defending this case and will likely have to refile its motion to dismiss. *See Good River Farms, LP v. TXI Operations, LP*, No. 1:17-cv-1117-RP, 2018 WL 1770494, at *3 (W.D. Tex. Apr. 12, 2018) ("When a plaintiff files an amended complaint while a motion to dismiss is pending,

---

[1] Similarly, neither party suggests that Texas runs afoul of the other *Foman* factors, which are "undue delay, bad faith or dilatory motive on the part of the movant, [and] repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182.

courts often dismiss the motion to dismiss as moot."). But if these facts alone were enough to constitute *undue* prejudice, no court would ever be able to grant leave to amend. Indeed, the word "prejudice" does not seem to appear within the IRS's brief. *See* ECF No. 21.

Turning to futility, the Court, in its discretion, believes this case is one where unfair prejudice to movant Texas outweighs any alleged futility. Texas's operative complaint is directed towards a superseded alert memo. Thus, the IRS has a *prima facie* case that the amended complaint is moot. Yet there is the troubling possibility, based on the convenient timing of the June 9 alert memo, that the IRS acted strategically. By releasing a superseding alert memo, an action purely in the IRS's control and that Texas could not stop, the IRS gained a mootness argument. By doing so after Texas had used its one amendment as of right, the IRS ensured that it could oppose further amendment. Thus, if the Court did not grant leave, the IRS could force Texas to stand on claims directed towards enjoining an alert memo with no legal effect. That is a dicey proposition, one that "would effectively end the case without ever reaching the merits of Plaintiff's claims." *See Reyna v. Flashtax, Inc.*, 162 F.R.D. 530, 532 (S.D. Tex. 1995). Texas would therefore be unduly prejudiced if the Court denied leave.

The Court also grants leave because of the status of the briefing. Texas chose to respond to the motion to dismiss through an amended complaint, not by opposing the merits of the IRS's motion. Thus, the parties' briefing has focused on Rule 15, not Rule 12. The only substantive briefing the Court has from Texas is the motion for leave to amend and the reply in support. ECF Nos. 19; 24. A review of the former shows no response to the merits of the IRS's motion, *see generally* ECF No. 19; a review of the latter shows a somewhat cursory refutation of the motion that the IRS has not had the opportunity to address, *see generally* ECF No. 24. And the IRS's opposition to the motion for leave to amend essentially incorporates its motion to dismiss with

3

little acknowledgement of the second amended complaint. *See generally* ECF No. 21. This is not the robust adversary presentation on which the Court would prefer to decide a motion as important as the IRS's motion to dismiss.

Relatedly, the second amended complaint would streamline a future motion to dismiss. At minimum, the mootness argument that arose from the IRS's post-June 8 actions would no longer have force. The Court acknowledges that many of the IRS's most fundamental arguments would likely remain mostly unchanged. Still, the Court is confident that the IRS would use its briefing space to refine and elaborate on its grounds to dismiss, including an effort to respond to relevant changes in the second amended complaint. And similarly, the Court is confident that Texas will put forth a serious and focused opposition. Ultimately, while both first and second amended complaints might be futile, the Court will exercise discretion to allow amendment because of the prejudice to Texas from denial versus the relative lack of prejudice to the IRS.

For the foregoing reasons, Texas's motion is **GRANTED**. Texas's Second Amended Complaint is hereby accepted for filing and entered into the record.

**SIGNED** this 5th day of March, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE